UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANK YARBROUGH,

    Petitioner,

                                    CASE NO. 2:14-CV-10460
v.                                 JUDGE ROBERT H. CLELAND
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

MICHAEL EAGEN,

    Respondent.[1]

_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION
(docket #1) and RESPONDENT'S MOTION TO DISMISS (docket #9)**

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      C.    *Exhaustion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      D.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           1.    *Probable Cause Determination* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           2.    *Charging Statute* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
           3.    *Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      E.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
           1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      F.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

\*      \*      \*      \*      \*

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus on the merits and should deny petitioner a certificate of appealability. If the Court accepts this recommendation, the Court should also deny as moot respondent's motion to dismiss for lack of exhaustion.

---

[1] By Order entered this date, Michael Eagen has been substituted in place of Randall Haas as the proper respondent in this action.

II.	REPORT:

A.	*Procedural History*

1.	Petitioner Hank Yarbrough is a former state prisoner, currently on parole. At the time he filed his habeas corpus application, petitioner was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.[2]

2.	On November 14, 2012, petitioner was convicted of two counts of uttering and publishing, MICH. COMP. LAWS § 750.249, pursuant to his guilty plea in the Wayne County Circuit Court. On December 5, 2012, petitioner appeared for sentencing, at which time he moved to withdraw his plea on several bases: (1) lack of jurisdiction; (2) delay in arraignment; (3) defective warrant; and (4) ineffective assistance of counsel. The trial court denied the motion, and sentenced petitioner to a term of 1½-14 years' imprisonment, in accordance with the parties' plea agreement.

3.	Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals raising the following claim:

> [] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED CLEAR ERROR IN FAILING TO WITHDRAW DEFENDANT'S PLEA BEFORE SENTENCING.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack

---

[2]Petitioner's release on parole does not deprive this Court of jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also*, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is "in custody" here because (a) a petitioner on parole is "in custody" for purposes of habeas corpus, *see Jones v. Cunningham*, 371 U.S. 236, 240-41 (1963); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993), and (b) petitioner was incarcerated at the time he filed his application, and jurisdiction is not defeated where the petitioner is in custody at the time the petition is filed, *see Carafas*, 391 U.S. at 238; *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988).

2

of merit in the grounds presented." *See People v. Yarbrough*, No. 316597 (Mich. Ct. App. July 5, 2013). Petitioner, proceeding *pro se*, attempted to file a supplemental application for leave to appeal, but the pleading was returned to him because he had not filed a motion seeking leave to file a supplemental application.

4. Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court, raising the following claims:

   I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED CLEAR ERROR IN FAILING TO WITHDRAW DEFENDANT'S PLEA BEFORE SENTENCING.

   II. SUPPLEMENTAL TO APPLICATION THAT I SUBMITTED PRO PER BECAUSE I ASK[ED] MY APPEAL COUNSEL AND HE WAS INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT FIL[ING] WHAT I REQUESTED! CHARGED UNDER WRONG STATUTE.

   III. THE COMPLAINT WAS BROUGHT UNDER A[N] INAPPLICABLE STATUTE, M.C.L. 750.249 AND SHOULD HAVE BEEN CHARGE[D] UNDER A MORE SPECIFIC STATUTE M.C.L. 750.253.

The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Yarbrough*, 495 Mich. 882, 838 N.W.2d 553 (2013).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on January 30, 2014. As grounds for the writ of habeas corpus, he raises three claims:

   I. THERE WAS NO PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE AS A PREREQUISITE TO AN EXTENDED PRETRIAL DETENTION.

   II. APPELLANT SHOULD HAVE BEEN CHARGED UNDER A MORE SPECIFIC STATUTE. THE COURT COMMITTED CLEAR ERROR.

   III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPEL[LATE] COUNSEL.

6. Respondent filed a motion to dismiss on August 8, 2014. Respondent argues that

petitioner's claims are unexhausted.

       7.      Petitioner filed a response to respondent's motion to dismiss on October 29, 2014.

B.    *Factual Background Underlying Petitioner's Conviction*

Petitioner was charged with two counts of uttering and publishing, and with being an habitual offender, fourth offense. In a separate case, he was charged with an additional count of uttering and publishing, and with being an habitual offender. Prior to trial, the parties entered into a plea agreement. Pursuant to the agreement, petitioner would plead guilty to the two uttering and publishing counts, in exchange for dismissal of the habitual offender notice and the charges in the separate case. The parties also agreed to a sentence of 1½-14 years' imprisonment on each count, to run concurrent both with each other and with a separate sentence imposed by the Oakland County Circuit Court. *See* Plea Tr., at 3-4. Petitioner signed an advice of rights form, and indicated that he understood his rights and that he was waiving them by pleading guilty. *See id*. at 6-7. Petitioner admitted to cashing two bad checks, establishing a factual basis for the plea. *See id*. at 7.

C.    *Exhaustion*

Respondent contends that petitioner's claims are unexhausted. the federal habeas statute provides, in relevant part, that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). A petitioner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, a petitioner "must have 'fairly presented the substance of each of his federal constitutional claims to

4

the state courts.'" *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). A petitioner "fairly presents" his claim to the state courts by either (1) relying upon federal cases employing federal constitutional analysis; (2) relying upon state cases employing such an analysis; (3) phrasing the claim in terms of federal constitutional law; or (4) alleging facts within the mainstream of federal constitutional law. *See Clinkscale*, 375 F.3d at 437 (quoting *Newton v. Million*, 349 F.3d 873, 878 (6th Cir. 2003)). Further, the petitioner must fairly present the claim at each level of state court review. *See O'Sullivan*, 526 U.S. at 845-47.

Despite the exhaustion requirement, a habeas petition "may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (emphasis added). Thus, a federal court may decide a habeas petition on the merits when the grounds for relief are without merit or are not cognizable on habeas review. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *Prather v. Rees*, 822 F.2d 1418, 1421-1422 (6th Cir. 1987). In these circumstances, the court should dismiss the non-federal or frivolous claim on its merits to save the state courts the useless review of meritless constitutional claims. *See Cain*, 947 F.2d at 820. As explained below, it is clear that petitioner's claims are without merit, and thus the Court should deny the claims on the merits rather than requiring further useless review of the claims in state court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999) (Cleland, J.). Further, requiring further exhaustion at this point raises difficult procedural questions concerning the interplay between the exhaustion requirement and the statute of limitations governing habeas petitions. *See generally Rhines v. Weber*, 544 U.S. 269 (2005).[3]

---

[3] Federal courts have denied unexhausted claims on the merits even where, as here, the respondent has simply filed a motion to dismiss on exhaustion grounds without addressing the merits of the claims in their motion or answer. *See Campos v. Johnson,* 958 F. Supp. 1180, 1188 (W.D. Tex. 1997); *McCool v. New York State,* 29 F. Supp. 2d 151, 158-63 (W.D.N.Y. 1998).

D.  *Analysis*

Petitioner challenges his conviction on three grounds. First, he contends that he was detained prior to trial without a prompt determination of probable cause. Second, he contends that the trial court lacked jurisdiction to sentence him because he was charged under the wrong statute. Third, he contends that his trial and appellate attorneys were constitutionally ineffective. The Court should conclude that each of these claims is without merit.[4]

1.  *Probable Cause Determination*

Petitioner first contends that he was detained for two months without a judicial determination of probable cause. Even if true, this contention provides no basis for habeas relief. In *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), a civil rights case under 42 U.S.C. § 1983, the Court held that the Constitution requires a defendant be given a reasonably prompt probable cause determination (such as arraignment) following his arrest, and that a delay in arraignment greater than 48 hours after arrest is presumptively unreasonable. *See id*. at 55-58. Even assuming that petitioner could show a *McLaughlin* violation, however, he is not entitled to habeas relief for two reasons.

First, it is an "established rule that illegal arrest or detention does not void a subsequent

---

[4]Pursuant to 28 U.S.C. § 2254(d), the Court may not grant habeas relief on any claim "that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts . . . ." As explained above, it is not clear whether petitioner's claims were actually presented to the state courts. If they were, then the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.); *cf. Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (explaining that an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits). Because it does not affect the ultimate result, I will assume here that petitioner's claims were not adjudicated on the merits, and thus are not subject to the more deferential standard of review set forth in § 2254(d).

conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge his conviction on the basis of an alleged defect in the state court's preliminary procedures. *See, e.g.*, *Montoya v. Scott*, 65 F.3d 405, 421 (5th Cir. 1995); *Biby v. Satran*, 619 F. Supp. 1563, 1567-68 (D.N.D. 1985).

Second, "it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, petitioner's claim that he was detained without a prompt determination of probable cause is waived. *See United States v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987) (claims that defendant was not promptly taken before magistrate judge and that his pretrial detention was illegal were waived by guilty plea). In short, "[a]ny issue regarding the legality of [petitioner's] pretrial detention became moot once he pleaded guilty, and an illegal detention is not a basis for invalidating a guilty plea." *United States v. Davis*, 35 Fed. Appx. 245, 246 (7th Cir. 2002). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

    2.    *Charging Statute*

7

Petitioner next contends that the trial court lacked jurisdiction to sentence him because he was charged under the wrong statute. This claim fails for two reasons. First, it is well-established that habeas review does not extend to questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam); *accord Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996); *Wesselman v. Seabold*, 834 F.2d 99, 102 (6th Cir. 1988); *United States ex rel. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001). As the Supreme Court has long explained, "there is nothing in the clauses of the 14th Amendment guarantying [sic] due process and equal protection which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of the state into anything other than a question of state law[.]" *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917).

Second, petitioner cannot show that he was improperly charged. Petitioner was charged under MICH. COMP. LAWS § 750.249, which provides that "[a] person who utters and publishes as true a false, forged, altered, or counterfeit record, instrument, or other writing . . . knowing it to be false, altered, forged, or counterfeit with intent to injury or defraud is guilty of a felony . . . ." MICH. COMP. LAWS § 750.249(1). This crime carries a maximum penalty of 14 years' imprisonment. Petitioner does not contend that he did not violate this statute, and he admitted to doing so in connection with his plea. Petitioner contends, however, that he should have been charged under § 750.253, which provides for a 5-year maximum sentence, and prohibits "utter[ing] or pass[ing], or tender[ing] in

8

payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state . . . any bank bill or promissory note, payable to the bearer thereof, or to the order of any person, issued as aforesaid, knowing the same to be false, altered, forged or counterfeit, with intent to injury or defraud as aforesaid . . . ." MICH. COMP. LAWS § 750.253. In support of this claim, petitioner relies on *People v. Hall*, 391 Mich. 175, 215 N.W.2d 166 (1974), in which the court held that a conviction under the general uttering and publishing provisions of § 750.249 is inappropriate when the conduct falls within one of the more specific provisions set forth in §§ 750.250-.253. *See Hall*, 391 Mich. at 190, 215 N.W.2d at 174-75. The problem with petitioner's argument, however, is that the charges against him arose from his passing of bad checks, not any "bank bill or promissory note." As the Michigan Court of Appeals has explained in rejecting a similar claim:

> A bank note or bank bill is the promissory note of an incorporated bank. It is payable on demand, and it is intended to circulate as money for an indefinite period. Bank bills and notes denote currency issued under legal restriction. A check, on the other hand, is not currency, although it may readily pass from one person to another. Cashier's checks, bank drafts and other items of modern day commerce are included within the confines of M.C.L. § 750.249.

*People v. Paulus*, 121 Mich. App. 445, 449, 328 N.W.2d 659, 661 (1982) (citations omitted), *remanded on other grounds*, 417 Mich. 1100, 338 N.W.2d 188 (1983); *cf. Hall*, 391 Mich. at 195, 215 N.W.2d at 177 (concluding that the phrase "bank bills and notes" includes "only those items of modern commerce known as common currency").

In any event, by accepting petitioner's plea the trial court necessarily concluded that the charge was properly brought. This determination represents a construction of state law which is not cognizable on habeas review. While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *In Re Winship*, 397 U.S. 358, 364 (1970), "[t]he

applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "[w]hich acts constitute the elements of a state crime is a question generally answerable only by the state legislature and state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing *Mullaney*, 421 U.S. at 691 ("This Court ... repeatedly has held that state courts are the ultimate expositors of state law . . . .")). Thus, as the Second Circuit explained, "*Winship* does not invite federal habeas courts to engage in a substantive analysis of state statutory terms. Our federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes." *Id*. Or, as the Sixth Circuit has explained, "'[w]hat is essential to establish an element, like the question whether a given element is necessary, is a question of state law.'" *Sanford v. Yukins*, 288 F.3d 855, 861 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991). In short, as noted above "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle*, 502 U.S. at 67-68, and "[t]he scope of [a] state criminal statute . . . is purely a state law issue." *Oliver v. McNeil*, No. 4:07cv280, 2008 WL 4724806, at *15 (N.D. Fla. Oct. 23, 2008). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

   3. *Ineffective Assistance of Counsel*

Finally, petitioner contends that his trial and appellate attorneys rendered constitutionally ineffective assistance for failing to challenge his pretrial detention and the applicability of § 750.249. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

  The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To

10

establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*,

11

> 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id*. As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal. *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

To the extent petitioner challenges trial counsel's failure to move for dismissal based on his pre-trial detention or challenge the applicability of § 750.249, petitioner's claims are barred by his plea because they do not go to the voluntariness of his plea or counsel's effectiveness in connection

12

with the plea. "Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty or nolo contendere plea." *Plumaj v. Booker*, ___ F. Supp. 2d ___, ___, 2014 WL 3573442, at *12 (E.D. Mich. July 21, 2014) (Lawson, J.) (citing *United States v. Stiger*, 20 Fed. Appx. 307, 309 (6th Cir. 2001) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (holding that pre-plea ineffective assistance of counsel claims are waived))). In any event, petitioner's claims are without merit.

Petitioner cannot show a reasonable probability that the result of the proceeding would have been different had either trial or appellate counsel challenged the state's alleged failure to conduct a prompt probable cause hearing. Petitioner has cited, and I have found, no cases holding that dismissal of the charges is an appropriate remedy for a *McLaughlin* violation. To the contrary, although declining to reach the question the Supreme Court has stated that from the mere existence of such a violation "[i]t does not necessarily follow . . . that [the defendant] must be 'set free' or gain other relief." *Powell v. Nevada*, 511 U.S. 79, 84 (1994) (citation omitted). In analogous circumstances, the Supreme Court has held that neither dismissal nor release is an appropriate remedy for the government's failure to hold a detention hearing upon the defendant's first appearance as required by the Bail Reform Act. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990). Likewise, the federal courts uniformly have held that dismissal is generally not an appropriate remedy for a violation of the prompt arraignment requirement of Federal Rule of Criminal Procedure 5(a). *See, e.g.*, *United States v. Jerningan*, 582 F.2d 1211, 1214 (9th Cir. 1978); *United States v. DiGregorio*, 795 F. Supp. 630, 634 (S.D.N.Y. 1992). Finally, the Michigan courts have explicitly addressed this question, and have concluded that dismissal is not an appropriate remedy for a *McLaughlin* violation. *See People v. Holly*, No. 214795, 2001 WL 755384, at *6 (Mich. Ct. App. Feb. 9, 2001) (per curiam); *People v. Thurman*, No. 206328, 2000 WL 33420627, at *1 (Mich. Ct. App. May 16, 2000) (per

curiam). In light of this case law, petitioner cannot show a reasonable probability that, had counsel moved to dismiss the charges based on the alleged delay in arraignment, the motion would have been granted, nor can he show a reasonable probability that such a claim would have succeeded on appeal.

Likewise, petitioner cannot show a reasonable probability that a trial court or appellate challenge to the charges as being improperly brought under § 750.249 would have succeeded. As explained above, under Michigan law it is clear that passing a false or fraudulent check violates § 750.249, and does not come within the terms of §§ 750.250-.253. Because petitioner cannot show that the charges were improper under § 750.249, he cannot show that counsel were ineffective for failing to challenge the charges. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

E.       *Recommendation Regarding Certificate of Appealability*

      1.       *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the

courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As explained above, it is clear that petitioner's claim alleging lack of a prompt probable cause determination is

waived by his guilty plea and moot in light of his subsequent conviction. Thus, the resolution of this claim is not reasonably debatable. It is likewise clear that petitioner's challenge to the applicability of § 750.249 is not cognizable on habeas review, and in any event is without merit in light of the Michigan Court of Appeals's decision in *Paulus*. Thus, the resolution of this claim is not reasonably debatable. Finally, because the resolution of petitioner's underlying claims is not reasonably debatable, it follows that the resolution of petitioner's ineffective assistance of counsel claims likewise is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

F.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's habeas claims are without merit. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability, and should deny as moot respondent's motion to dismiss for lack of exhaustion.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 17, 2014                         s/Paul J. Komives
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on November 17, 2014, electronically and/or by U.S mail.
                                                 s/Michael Williams
                                                 Case Manager for the
                                                 Honorable Paul J. Komives